# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1462

_____

Mardelle D. Jerde; Bennie Lee; Jennifer M. Campos; Michael Campos, formerly known as Miguel Campos; Sheldon Joppru; Kay Joppru; Dwight Bradley Reisenauer; Michelle Christine Reisenauer; Akom Lero; Abang Gowi; Donna M. Habeck; Kenneth G. Habeck; Darren J. Carlson; Kristel L. Carlson; Justin R. Herzog; Ciara D. Herzog; Derek A. Melichar; Melissa J. Melichar; Jeffrey D. Robinson; Debra L. Robinson; John E. Norris

*Plaintiffs - Appellants*

v.

JPMorgan Chase Bank, N.A.; Chase Home Finance, LLC; Mortgage Electronic Registration Systems, Inc.; Wells Fargo Bank, N.A.; Federal National Mortgage Association; Merscorp, Inc.; Shapiro & Zielke, LLP

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: January 14, 2013
Filed: March 14, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

This is yet another in a long line of lawsuits brought by homeowners who have defaulted on their mortgages but claim that the entities asserting legal title to their mortgages do not have the authority to foreclose. In the instant case, twenty-one homeowners (collectively, "the Homeowners") filed suit against JPMorgan Chase Bank, N.A.; Chase Home Finance, LLC; Mortgage Electronic Registration Systems, Inc.; and MERSCORP Holdings, Inc. (collectively, "the Lenders") for unlawfully foreclosing or attempting to foreclose on their home mortgages. The Homeowners also sued the law firm of Shapiro & Zielke, LLP, which they claim assisted with some of the foreclosures. The district court[1] dismissed the complaint for failure to state a claim on which relief can be granted. We affirm the district court.

The Homeowners initially filed suit in Minnesota state court. The defendants removed the case to federal court, arguing that the only non-diverse defendant, Shapiro & Zielke, LLP, had been fraudulently joined. The Homeowners filed a motion to remand and also challenged the district court's subject matter jurisdiction under the doctrine of prior exclusive jurisdiction. The district court found that it had subject matter jurisdiction because the state court had not obtained prior exclusive jurisdiction and Shapiro & Zielke, LLP had been fraudulently joined. The claims underlying these challenges to federal subject matter jurisdiction are identical to ones we recently have rejected, and therefore we affirm the district court's finding. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 546 (8th Cir. 2013); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031-32 (8th Cir. 2012).

The Homeowners' complaint asserted twelve different claims against the Lenders, but on appeal they have abandoned all but their claim to quiet title under Minnesota Statute section 559.01. *See Murphy*, 699 F.3d at 1033 n.4. The district court dismissed the entire claim as inextricably linked to the now discredited "show-

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

me-the-note" theory, which contends that the legal title holder to a mortgage must also produce the mortgagor's promissory note prior to foreclosure. *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009) (rejecting the "show-me-the-note" theory). The Homeowners' quiet-title claim is pled in terms virtually identical to the claims brought by the plaintiffs in *Murphy* and *Karnatcheva*. Some of the asserted bases for seeking to settle the so-called "adverse claims" to the properties under section 559.01 are indeed premised on the "show-me-the-note" theory. *See Murphy*, 699 F.3d at 1033. But two of the theories attack the Lenders' legal title to the mortgage, rather than their possession of the promissory notes, and thus are distinct from the "show-me-the-note" theory. *See Karnatcheva*, 704 F.3d at 547-48 (recognizing that the theories "[t]he Notices of Pendency, Powers of Attorney, and Assignments of Mortgages were not executed by an authorized individual" and "[t]he Assignments of Plaintiffs' Mortgages were invalid" were "not foreclosed by *Jackson*'s rejection of the 'show-me-the-note' theory"). *Karnatcheva* held that these same grounds for seeking to settle adverse claims failed to meet the pleading requirements imposed by Federal Rule of Civil Procedure 8. *Karnatcheva*, 704 F.3d at 548. The Homeowners have done nothing to distinguish their claims from those found lacking in *Karnatcheva*, and therefore we affirm the district court's dismissal for failure to state a claim. *See Brannum v. Mo. Dep't of Corr.*, 518 F.3d 542, 546 (8th Cir. 2008) ("We review the district court's grant of summary judgment de novo and may affirm on any ground supported by the record." (internal citation omitted)).

_____