# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2076

_____

Edgarline Dunbar; James M. Jenkins;
Paul Olson; Seng Herr; Yia Her

*Plaintiffs - Appellants*

v.

Wells Fargo Bank, N.A.; Mortgage Electronic
Registration Systems, Inc.; MERSCORP, Inc.;
Federal National Mortgage Association;
Reiter & Schiller, P.A.

*Defendants - Appellees*

_____

No. 12-2369

_____

Edgarline Dunbar; James M. Jenkins;
Paul Olson; Seng Herr; Yia Her

*Plaintiffs - Appellants*

v.

Wells Fargo Bank, N.A.; Mortgage Electronic
Registration Systems, Inc.; MERSCORP, Inc.;
Federal National Mortgage Association;
Reiter & Schiller, P.A.

*Defendants - Appellees*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: January 14, 2013
Filed: March 14, 2013
_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.
_____

GRUENDER, Circuit Judge.

A group of homeowners (collectively, "the Homeowners") are challenging the validity of the foreclosure of their home mortgages. The district court[1] dismissed the suit under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, we affirm.

**I.**

Wells Fargo Bank, N.A. ("Wells Fargo") is either the original mortgagee or assignee of each of the Homeowners' mortgages. After the Homeowners defaulted on their mortgages, Wells Fargo initiated foreclosure proceedings pursuant to Minnesota's non-judicial foreclosure statute, Minnesota Statute section 580 *et seq*, which authorizes foreclosure by advertisement if certain criteria are met. Wells Fargo subsequently purchased all of the properties at sheriff's sales. Shortly thereafter, the Homeowners filed suit in Minnesota state court, contesting Wells Fargo's authority

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

to foreclose on their mortgages. In addition to Wells Fargo, the Homeowners named MERS and MERSCORP (collectively, "MERS"),[2] Federal National Mortgage Association ("Fannie Mae"), and the law firm of Reiter & Schiller, P.A. as defendants. Wells Fargo, MERS, and Fannie Mae (collectively, "the Wells Fargo parties") removed the suit to federal court. The district court denied the Homeowners' motion to remand, and it granted the Wells Fargo parties' motion to dismiss under Rule 12(b)(6). Separately, the district court sanctioned the Homeowners' counsel, William Butler, under Federal Rule of Civil Procedure 11.

The Homeowners argued remand was necessary because the district court did not have subject matter jurisdiction over the suit. According to the Homeowners, jurisdiction was lacking because there was not complete diversity between parties[3] and because the doctrine of prior exclusive jurisdiction prevented the action from being removed from the state court in which it was initially filed. These challenges to federal subject matter jurisdiction are identical to ones we recently rejected. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 546 (8th Cir. 2013); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031-32 (8th Cir. 2012). We therefore affirm the district court's dismissal of Reiter & Schiller, P.A. as fraudulently joined and conclude that we have subject matter jurisdiction over this appeal because the doctrine of prior exclusive jurisdiction is inapplicable.[4] *Id.*

---

[2] "MERS is an electronic registration system that . . . acts as the nominal mortgagee for the loans owned by its members. The MERS system is designed to allow its members, which include originators, lenders, servicers, and investors, to assign home mortgage loans without having to record each transfer in the local land recording offices where the real estate securing the mortgage is located." *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 490 (Minn. 2009).

[3] The Homeowners are all Minnesota citizens, and Reiter & Schiller, P.A. also is a Minnesota citizen.

[4] Although the Homeowners did not brief this court on whether the district court lacked subject matter jurisdiction under the doctrine of prior exclusive jurisdiction,

## II.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." *Retro Television Network, Inc. v. Luken Comm'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012). The Homeowners' complaint raised twelve counts against the Wells Fargo parties. All but two counts—"Quiet Title" and "Slander of Title"—have been abandoned on appeal. *See Murphy*, 699 F.3d at 1033 n.4.

### A. Quiet Title

The quiet-title claim invokes Minnesota Statute section 559.01, which authorizes "[a]ction[s] to determine adverse claims" to real property.[5] The Homeowners argued that the mortgages held by the Wells Fargo parties "are invalid for some or all of" eleven possible reasons. Most of these grounds rely on the so-called "show-me-the-note" theory, which posits that the holder of legal title to a mortgage must also hold the promissory note in order to foreclose on a mortgage. *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 978 (8th Cir. 2011). Even before the Homeowners filed their suit, this theory had been repudiated. *See Stein*, 662 F.3d at

---

we examined the matter because it also constituted a challenge to our own jurisdiction. *See Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006) ("Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists.").

[5]"Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minnesota Statute § 559.01.

978-80; *Jackson*, 770 N.W.2d at 500-01. The district court dismissed these claims as premised on the firmly rejected "show-me-the-note" theory, and we affirm.

Two of the theories underlying the Homeowners' quiet-title claim, however, are identical to those found in *Murphy* to be distinct from the "show-me-the-note" theory. *See Murphy*, 699 F.3d at 1033; *see also Karnatcheva*, 704 F.3d at 547-48 (recognizing that the theories "[t]he Notices of Pendency, Powers of Attorney, and Assignments of Mortgages were not executed by an authorized individual" and "[t]he Assignments of Plaintiffs' Mortgages were invalid" are "not foreclosed by *Jackson*'s rejection of the 'show-me-the-note' theory"). These claims attack the holder's legal interest in the mortgage, rather than the failure to produce the note. The district court also ruled that, to the extent any of the grounds attacked the holder's legal interest in the mortgage, these "speculative, conclusory statements" were insufficient to state a claim.

The Homeowners argue that dismissal was inappropriate because these claims were adequately pled under state pleading standards. However, in a diversity suit such as this one, "[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva*, 704 F.3d at 548. Alternatively, the Homeowners appear to contend that even if Rule 8 applies, the district court erred in concluding that they failed to meet its requirements. Recently, this court held that a complaint articulating the same two bases for settling adverse claims under section 559.01 did not include "anything to support the[] claim that the defendants' adverse claims are invalid, other than labels and conclusions," and thus was properly dismissed. *Id.* The Homeowners' pleadings for these two bases mirror those in *Karnatcheva*, and therefore we affirm the district court's dismissal.

**B. Slander of title**

We also affirm the district court's dismissal of the Homeowners' slander-of-title claim. Slander of title occurs when an individual maliciously publishes a false statement to others concerning the real property a plaintiff owns or has an interest in, and the false statement causes the plaintiff pecuniary loss. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Under the Homeowners' theory, the Wells Fargo parties recorded notices of foreclosure and assignments of mortgages that incorrectly identified the holder of legal title to their mortgages. To plead malice, the Homeowners must raise factual allegations sufficient to create a plausible claim that at least one of the Wells Fargo parties acted with a reckless disregard for the truth, "despite a high degree of awareness of probable falsity." *See Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711 (Minn. Ct. App. 2007) (quoting *Contract Dev. Corp. v. Beck*, 627 N.E.2d 760, 764 (Ill. App. Ct. 1994)). The pleadings contain nothing but naked assertions that one or more of the named defendants suspected that Wells Fargo lacked legal title to the mortgages yet chose to publish statements to the contrary. The Homeowners have failed to plead factual content that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.

The Wells Fargo parties filed a motion for sanctions under Rule 11 and 28 U.S.C. § 1927, as well as under the district court's inherent authority to sanction attorneys for acting in bad faith or abusing the judicial process. The district court awarded attorneys' fees under Rule 11(c) and, therefore, did not reach either of the alternate grounds for sanctioning Butler. "We review the district court's determinations concerning Rule 11 under the abuse-of-discretion standard." *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006).

Butler argues that our partial reversal in *Murphy* means sanctions are inappropriate. We disagree. *Murphy* held that the majority of the claims Butler

-6-

filed—in a complaint virtually identical to the one in this case—were blatantly premised on the "show-me-the-note" theory. *Murphy*, 699 F.3d at 1033. Butler's duplication of these claims is all the more egregious when viewed in context. Just one week before Butler filed the *Murphy* complaint, this court recognized the Minnesota Supreme Court's rejection (two years earlier) of the "show-me-the-note" theory in a case that Butler himself argued before us. *Stein*, 662 F.3d at 978-80; *see also Reed v. Great Lakes Cos.*, 330 F.3d 931, 936 (7th Cir. 2003) ("[I]n deciding whether to sanction such a litigant [a judge] can take into account a history of frivolous litigation."). As this court recently noted in *Karnatcheva*, when also reviewing a substantially similar complaint filed by Butler, even the quiet-title claims divorced from the "show-me-the-note" theory were but a flimsy construction of "labels and conclusions."[6] *Karnatcheva*, 704 F.3d at 548. Furthermore, Butler's now trite attempts to avoid federal court by engaging in fraudulent joinder in order to then challenge federal subject matter jurisdiction are unacceptable. The district court was well within its discretion to impose sanctions under Rule 11. *See Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 999-1005 (D. Minn. 2012) (discussing bases for imposing sanctions on Butler under Rule 11); *see also Butler v. Bank of America, N.A.*, 690 F.3d 959, 962-63 n.3 (8th Cir. 2012).

## IV.

---

[6]Some of these dismissed quiet-title claims were identical to the ones *Murphy* remanded. The court in *Murphy* did not make a ruling on their merits but did express skepticism as to their validity. However, because the district court had erroneously dismissed these claims solely as reiterations of the "show-me-the-note" theory, the court remanded for the district court to consider in the first instance whether the claims were otherwise entitled to survive. *Murphy*, 699 F.3d at 1033-34; *see also Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 393 (8th Cir. 1995) (per curiam) ("[A]lthough in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to 'blow away the smoke screens the plaintiffs had thrown up' before the defendants may prevail." (quoting *Introcaso v. Cunningham*, 857 F.2d 965, 967 (4th Cir. 1988))).

For the foregoing reasons, we affirm the district court's dismissal of the Homeowners' suit and the imposition of sanctions on the Homeowners' counsel.

_____