# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2364

_____

Norbert A. Kraus; Claire J. Fox-Krause; William G. Bedard;
John Murphy; Janet Murphy; Ted J. Theis; and Shannon K. Theis

*Plaintiffs - Appellants*

v.

CitiMortgage, Inc.; Mortgage Electronic Registration Systems, Inc.;
MERSCORP, Inc.; Usset, Weingarden, and Liebo, P.L.L.P.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 13, 2013
Filed: June 10, 2013
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Appellants are seven homeowners (the Homeowners) who filed suit against
CitiMortgage, Inc.; Mortgage Electronic Registration Systems, Inc.; and
MERSCORP, Inc. (the Lenders/Servicers) for unlawfully foreclosing or attempting

to foreclose on their home mortgages. The Homeowners also filed suit against Usset, Weingarden, and Liebo, P.L.L.P. (the Law Firm), which they claim assisted with some of the foreclosures. The district court[1] dismissed the Homeowners' complaint for failure to state a claim on which relief can be granted and denied leave to amend. We affirm.

The Homeowners first challenge the district court's subject matter jurisdiction, contending that diversity of citizenship was lacking because the Law Firm was not fraudulently joined. We have recently rejected identical arguments contesting the assertion of fraudulent joinder, concluding that the claims alleged had no reasonable basis in law and fact under Minnesota law. See Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013); Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013); Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031-32 (8th Cir. 2012). Because the claims asserted against the Law Firm in this case similarly lack a reasonable basis in law and fact, we conclude that there was diversity jurisdiction under 28 U.S.C. § 1332(a) and that the district court did not err in dismissing those claims.

We next address the claims against the Lenders/Servicers. Although the Homeowners asserted twelve claims against the Lenders/Servicers, they have abandoned on appeal all but four—quiet title, slander of title, conversion, and breach of fiduciary duty. We affirm the dismissal of the quiet title claim on the basis of our recent dismissal of a virtually identical claim in Jerde v. JPMorgan Chase Bank, N.A., 502 F. App'x 616, 617 (8th Cir. 2013) (per curiam). See also Dunbar, 709 F.3d at 1257 (affirming the dismissal of a similar quiet title claim that relied in part on the same seven grounds asserted in this case). We affirm the dismissal of the slander of title claim as well, because like the slander of title claim rejected in Dunbar, the

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Homeowners in this case "have failed to plead factual content that 'permit[s] the court to infer more than the mere possibility of misconduct.'" Dunbar, 709 F.3d at 1258 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

We likewise affirm the district court's dismissal of the Homeowners' conversion and breach of fiduciary duty claims, because each claim relies upon the "show-me-the-note" theory rejected by the Minnesota Supreme Court in Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009). The conversion claim is premised on the allegation that the Lenders/Servicers "were not entitled to enforce the Original Notes and were not entitled to receive payments on the notes from the Plaintiffs." Compl. ¶ 76. As we concluded in Murphy, this claim is nothing more than a variation of a show-me-the-note claim. See Murphy, 699 F.3d at 1031. We conclude that the breach of fiduciary duty claim suffers from the same defect, in that the only non-conclusory fact alleged in support thereof is that the Lenders/Servicers failed to disclose "information regarding the entity that held the promissory notes and could enforce the mortgages securing Plaintiff's [sic] property." Compl. ¶ 92. Because these claims are merely show-me-the-note claims in different dress, we affirm the district court's dismissal of both claims.

The Homeowners' also appeal from the district court's denial of their oral motion to amend the complaint, arguing that the district court failed to rule on the motion and that justice requires that they be granted leave to amend. The district court's order states: "Having reviewed Plaintiffs' proposed Amended Complaint, the Court concludes that Plaintiffs cannot allege a set of facts that would survive a motion to dismiss. Accordingly, the Court denies Plaintiffs' request to amend[.]" D. Ct. Order of May 4, 2012, at 8-9 n.3. Because the district court clearly addressed the Homeowners' request for leave to amend, their first argument is without merit. To the extent the Homeowners' contend that they should have been granted leave to amend because justice so requires, they have failed to demonstrate that the district

court erred by concluding that the proposed amendment would be futile. Accordingly, we affirm the district court's denial of leave to amend.

The judgment is affirmed.

_____