# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2023
_____

Glenn A. Olson, Anne L. Olson,
Trevor J. Nefs, Lisa Nefs, Robert
Elias Knutsen, Patricia C. Knutsen,
David A. Waxon, Ge Yang, Ameilia B.
Yang, Holly F. Olson, now known as
Holly F. Mandel, Wang Xang Xiong,
and Jua Thao Xiong

*Plaintiffs - Appellants*

v.

Bank of America, N.A., BAC Home Loans
Servicing, LP, Mortgage Electronic Registration
Systems, Inc., MERSCORP, Inc., Federal National
Mortgage Association, and Peterson, Fram &
Bergman, P.A.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: March 11, 2013
Filed: June 28, 2013
[Unpublished]
_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

This is yet another in a long line of lawsuits filed by attorney William Butler on behalf of homeowners who have defaulted on their mortgages but claim that the entities asserting legal title to their mortgages do not have the authority to foreclose. In the instant case, twelve homeowners (collectively, the Homeowners) filed suit against Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; and Federal National Mortgage Association for unlawfully foreclosing or attempting to foreclose on their home mortgages. The Homeowners also sued the law firm of Peterson, Fram & Bergman, P.A., which they claim assisted with some of the foreclosures. The district court[1] denied the Homeowners' motion to remand and dismissed the complaint for failure to state a claim on which relief can be granted. We affirm.

We recently affirmed the denial of a motion to remand and the dismissal of a nearly identical complaint in Jerde v. JPMorgan Chase Bank, N.A., 502 F. App'x 616 (8th Cir. 2013) (per curiam). At the motion to dismiss hearing in this case, attorney Butler "concede[d] that this Complaint is very similar to, I think, the Complaint that the court . . . dismissed in Jerde." Mot. to Dismiss Hr'g Tr. 12:18-20. The district court agreed, finding that this case was "on all fours with the Jerde case," id. at 20:21-22, and thus denied the motion to remand and dismissed the complaint. Having closely examined the record and the briefs, we conclude that the Homeowners have done nothing to distinguish their claims and arguments from those found lacking in Jerde. We thus affirm the district court's denial of the motion to remand and dismissal for failure to state a claim. See Jerde, 502 F. App'x at 616-17; see also Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546-48 (8th Cir. 2013).

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-2-

The Homeowners contend also that the district court abused its discretion in denying them leave to amend their complaint under Federal Rule of Civil Procedure 15. The Homeowners did not file a motion to amend their complaint, but instead raised the issue at the motion to dismiss hearing, arguing that they were unable to file a motion because they were denied a hearing date by the magistrate judge. The district court found this argument to be without merit, as do we. Accordingly, we conclude that the district court did not abuse its discretion in denying the Homeowners leave to amend their complaint. See Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 665 (8th Cir. 2012) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." (quoting Drobnak v. Andersen Corp., 561 F.3d 778, 787 (8th Cir. 2009))).

The judgment is affirmed.

_____