# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2890

_____

Glenn A. Olson; Anne L. Olson; Trevor J. Nefs; Lisa Nefs; Robert Elias Knutsen; Patricia C. Knutsen; David A. Waxon; Ge Yang; Ameilia B. Yang; Holly F. Olson, now known as Holly F. Mandel; Wang Xang Xiong; Jua Thao Xiong

*Plaintiffs - Appellants*

v.

Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; Federal National Mortgage Association

*Defendants - Appellees*

Peterson, Fram & Bergman, P.A.

*Defendant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 11, 2013
Filed: June 28, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Attorney William Butler appeals from the district court's[1] order imposing sanctions against him under Federal Rule of Civil Procedure 11. We affirm.[2]

Acting on behalf of twelve homeowners, Butler filed suit against Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; and Federal National Mortgage Association (collectively, the Lenders/Servicers) for unlawfully foreclosing or attempting to foreclose on their home mortgages and against Peterson, Fram & Bergman, P.A. for assisting with the foreclosures. This was one of more than thirty such cases filed by Butler. The Lenders/Servicers removed the action and filed a motion to dismiss the complaint on January 3, 2012. On March 2, 2012, the Lenders/Servicers served Butler and the homeowners with a letter and a motion for sanctions, notifying them that unless they dismissed their frivolous complaint with prejudice, the Lenders/Servicers would file the attached motion for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1987. Butler did not move to dismiss the complaint, but instead actively litigated it until it was dismissed on April 19, 2012, for failure to state a claim upon which relief could be granted. In an opinion filed on (June 28, 2013), we affirmed the district court's order dismissing the homeowners' complaint. See Olson v. Bank of Am., N.A., No.12-2023, slip op. (8th Cir. June 28, 2013).

On May 17, 2012, the Lenders/Servicers filed a motion for sanctions against Butler and the homeowners under Rule 11 and § 1987. In its order imposing sanctions against Butler only, the district court found that Butler's conduct in this case was

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[2]Although the Appellees make no mention of it, we note that neither the caption nor the body of the notice of appeal names Butler as a party to the appeal. See Fed. R. App. P. 3(c). Because the intent of the appeal is obvious and no prejudice has been shown, we will deem the appeal to be properly before us. See, e.g., In re Nat'l Warranty Ins. Risk Retention Grp., 384 F.3d 959, 964 (8th Cir. 2004).

"certainly egregious," D. Ct. Order of June 20, 2012, at 3, but noted that it was hesitant to impose sanctions because Butler had already been sanctioned repeatedly for his conduct in similar cases, see id. at 2-3. Nevertheless, given Butler's failure to "take responsibility for his multiple and vexatious filings that are in clear violation of Rule 11," id. at 4, and his "attempts to shift the blame for his conduct whenever possible[,]" id., the district court determined that sanctions in the amount of $10,000 against Butler were appropriate under Rule 11, id. at 6. The district court concluded that "[t]his amount is limited to what might suffice to deter Mr. Butler from continuing to bring such frivolous claims, especially when combined with the sanctions ordered by other Judges in this District." Id.

As an initial matter, Butler has waived his appeal of the district court's denial of his request to file a motion to reconsider the order imposing sanctions "because the issue was not developed in his briefs as required by Federal Rule of Appellate Procedure 28(a)(9)(A)." Rotskoff v. Cooley, 438 F.3d 852, 854 (8th Cir. 2006). "It is thus considered abandoned for failure 'to provide any reasons or arguments' for his contentions." Id. at 854-55 (quoting United States v. Zavala, 427 F.3d 562, 564-65 n.1 (8th Cir. 2005)).

As for the imposition of sanctions, "[w]e review the district court's determinations concerning Rule 11 under the abuse-of-discretion standard." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1258 (8th Cir. 2013) (quoting Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1008 (8th Cir. 2006)). Butler first contends that the district court abused its discretion by imposing sanctions because he tried to remedy the alleged Rule 11 defects but was "blocked" by the magistrate judge's refusal to grant a hearing date for a motion to amend the complaint. But as the district court noted in its sanctions order, a hearing date had already been set regarding the motion to dismiss and "Mr. Butler could have, but did not, seek permission to notice a Motion to Amend for the same time as the hearing on the Motion to Dismiss." D. Ct. Order of June 20, 2012, at 5 n.2. Accordingly, we find this argument to be without merit.

Butler next argues that the district court abused its discretion because the motion for sanctions was untimely, thereby defeating the purpose of Rule 11's safe harbor provision. The safe harbor provision requires that an offending party receive at least twenty-one days' notice to correct or withdraw the challenged pleading before a motion is filed with the district court. See Fed. R. Civ. P. 11(c)(2). Butler does not dispute that he received more than twenty-one days' notice before the motion for sanctions was filed with the district court. Instead, he contends that the timing of the Lenders/Servicers' motion—several months after the complaint was filed and after the motion to dismiss was filed—made amendment of the complaint difficult, thereby defeating the purpose of the safe harbor provision. As discussed above, the district court correctly noted that Butler was not precluded from pursuing an amended complaint. Moreover, serving the motion for sanctions after the motion to dismiss had no effect on Butler's ability to dismiss the complaint with prejudice and thus avoid sanctions. Because the record reflects that Butler had more than twenty-one days to correct or dismiss the frivolous complaint, this argument is without merit.

Butler's final argument is that the complaint did not warrant Rule 11 sanctions. Butler contends that the district court abused its discretion because the complaint was a good faith effort to change or modify existing law and because the district court's conclusions regarding his conduct had no basis in fact. Having carefully reviewed the record, we find no abuse of discretion in the district court's determinations of these matters.[3]

---

[3]Butler raises for the first time in his reply brief the contention that the district court's order granting sanctions relied upon conduct that was not raised by the Lenders/Servicers and thus deprived him of the notice he was entitled to by Fed. R. Civ. P. 11(c)(3). "Absent some reason for failing to raise an argument in an opening brief, this court will not consider an argument first raised in a reply brief." United States v. Brown, 108 F.3d 863, 867 (8th Cir. 1997). Because Butler has offered no justification for his failure to raise this issue in his principal brief, we choose not to review it.

The order is affirmed.

_____