# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3217

_____

Waseem Mustafa; Lorin Mustafa; Radjindre K. Bhoelai; Roger R. Cottrell; Jennifer A. Cottrell; Shafiqua Janetkhan; Hayat Janetkhan; Blia Tou Lee; May Lee; Trang Le; Minh Quang Tran; Charles J. Cordes; W. Scott Long, III; Susan M. Long; Chia Pao Xiong; Ying Xiong; Brad Everett; Lily Everett; Stacey R. Becklund, individually and as personal representative of the estate of Robert C. Anderson; Chad Everett; Peter J. Schumacher; Tim Gallagher; Shannon E. Gallagher

*Plaintiffs - Appellants*

v.

Bank of America N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; Bank of New York Mellon; Bank of New York Mellon Trust Company; Federal National Mortgage Association; Federal Home Loan Mortgage Corporation

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: June 10, 2013
Filed: July 12, 2013
[Unpublished]
_____

Before LOKEN, BEAM, and BYE, Circuit Judges.
_____

PER CURIAM.

Appellants, homeowners claiming that Appellees do not have legal title to their original notes, and do not have a right, title or interest in their respective properties sufficient to enforce the notes through acceleration and a foreclosure sale, appeal the district court's dismissal of their complaint. This is one in a series of unsuccessful, substantially similar cases initially brought by Appellants' counsel, William B. Butler, in Minnesota state court, which are then removed by the defendants and ultimately, and repeatedly, dismissed by the federal district court. See, e.g., Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254 (8th Cir. 2013) (per curiam); Peterson v. Citimortgage, Inc., 704 F.3d 548 (8th Cir. 2013); Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013); Blaylock v. Wells Fargo Bank, N.A., 502 F. App'x 623 (8th Cir. 2013) (per curiam).

Applying de novo review to the district court's[1] grant of a Rule 12(b)(6) dismissal motion, see Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012), we conclude that our recent precedent requires a quick rejection of the claims advanced in this case. See, e.g., Dunbar, 709 F.3d at 1256-59. We likewise reject Appellants' assertion that the district court erred in failing to allow them the opportunity to file an amended complaint to comport with federal pleading requirements.[2] It is not a "woeful" set of circumstances these claimants find themselves in, nor is this issue a matter of first impression for the court. There are no victims here.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[2]Also, contrary to Appellants' argument on this issue, Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027 (8th Cir. 2012), cert. denied, 133 S. Ct. 2358 (2013), does not render the court's dismissal "inappropriate." We have explicated the limited extent of our holding in Murphy over and again and find no reason to do so here. See Dunbar, 709 F.3d at 1258, 1258 n.6 (discussing Murphy as also addressed in Karnatcheva).

We have held . . . that even where a district court exercises its power to sua sponte dismiss a claim (without *any* pending motion to dismiss), the court's failure to give the plaintiff notice and an opportunity to respond before doing so is not reversible error if "it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint."

Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927, 938 (8th Cir. 2012) (quoting Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991)).  As our precedent reveals, it is "patently obvious" that Appellants could not prevail on the allegations contained in the complaint.  Id.  Therefore, any alleged error by the district court on this point does not merit reversal.

Upon motion by defendants, the district court likewise imposed Rule 11 sanctions against Appellants' attorney, William B. Butler and his law firm, Butler Liberty Law, LLC, that Butler challenges on appeal.  "We review the district court's determinations concerning Rule 11 under the abuse-of-discretion standard." Clark v. UPS, 460 F.3d 1004, 1008 (8th Cir. 2006).  Giving due discretion to the district court in this case, we determine that sanctions are entirely warranted.  Contrary to Appellants' argument that "[t]here is nothing improper or frivolous about bringing quiet title claim [sic] even if the lien appears valid on its face," it is entirely improper and frivolous to continue to file baseless claims with superfluity.  The district court was well within its discretion to impose sanctions under Rule 11.  See Welk v. GMAC Mortg., LLC, 850 F. Supp. 2d 976, 999-1005 (D. Minn. 2012) (discussing bases for imposing sanctions against Butler under Rule 11); see also Butler v. Bank of Am., N.A., 690 F.3d 959, 962-63 n.3 (8th Cir. 2012) (describing Mr. Butler's "pattern" in these matters).

For the foregoing reasons, we affirm the district court's dismissal of Appellants' suit, as well as the imposition of sanctions against Appellants' attorney, William B. Butler and his law firm, Butler Liberty Law, LLC.

_____