# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1756

_____

John Warner; Michelle Warner

*Plaintiffs - Appellants*

v.

Chase Home Finance LLC; JP Morgan Chase Bank N.A.; Usset, Weingarden and Liebo, PLLP; and all other persons, unknown claiming any right, title estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: August 5, 2013
Filed: September 25, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

This appeal involves two general claims: (1) the district court lacked subject matter jurisdiction to decide the case and erred in failing to remand the case to the

state court; and (2) the district court erred in granting the motion to dismiss. For the reasons below, we affirm.

## I. Background

John and Michelle Warner ("the Warners") brought suit in Minnesota state court against Chase Home Financial LLC and other Chase entities (collectively "the Bank"), and the Bank's foreclosure attorneys, Usset, Weingarden and Liebo, PLLP ("Usset"), alleging various foreclosure violations and asserting the Bank's foreclosure was invalid. The Warners and Usset are citizens of Minnesota. Despite the nominal lack of diversity, the Bank removed the case to federal district court. The Bank argued that Usset was fraudulently joined to defeat diversity, and therefore, Usset's citizenship could be ignored. The Bank also moved to dismiss the Warners' claims under Federal Rule of Civil Procedure 12(b)(6). The Warners moved to remand the case, claiming Usset was not fraudulently joined. The district court[1] granted the Bank's motion to dismiss and denied the Warners' motion to remand as moot. We affirm.

## II. Discussion

### A. Motion to Remand.

The Warners' motion to remand claims the district court lacked jurisdiction because there is not complete diversity among the parties. After granting the motion to dismiss against the Bank, the district court dismissed the Warners' motion to remand as moot. Because the motion to remand challenges the court's jurisdiction, however, we must address this issue first. See Carlson v. Arrowhead Concrete

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

-2-

Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."); see also Stilp v. HSBC Bank USA, N.A., No. 12-3098, 2013 WL 1175025, at *2 (D. Minn. Mar. 20, 2013) ("Since it challenges the jurisdiction of this Court, Plaintiffs' Motion to Remand will be addressed first."). We review de novo a district court's decision to deny a motion to remand for lack of federal jurisdiction. See Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Because the dismissal of a motion to remand as moot has the same effect—that is, accepting jurisdiction in the federal court and addressing the merits of the claims, we will apply the same standard here.

Based on a review of the record, we find the Warners fraudulently joined Usset in order to defeat diversity jurisdiction, and the district court's dismissal of the motion to remand was proper. "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quotation omitted); see also Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013) (finding fraudulent joinder where "claims against a resident law firm had no reasonable basis in law and fact under Minnesota law"). Under Minnesota law, attorneys are immune from liability to a third party for actions taken within the scope of their employment. Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031–32 (8th Cir. 2012). The only exception to this immunity is for knowing participation in fraud. Id. (distinguishing between negligent misrepresentation and knowing participation in fraud). The Warners failed to specify with any particularity how Usset might have engaged in fraud. As such, there is no reasonable basis in law or fact to support any of the claims against Usset. Therefore, we find Usset was fraudulently joined, and we affirm the district court's denial of the motion to remand.

## B. Motion to Dismiss

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (quotation omitted).  The Warners have dropped all other claims and are only pursuing a claim to "determine adverse claims," a quiet title action under Minn. Stat. § 559.01.  We have repeatedly dismissed nearly identical claims as insufficiently plead.  See, e.g., Dunbar, 709 F.3d at 1257–59 (dismissing claim for quiet title).  After careful review, we conclude the district court was correct that the Warners failed to plead sufficient facts to make a plausible claim under Minn. Stat. § 559.01.

## III. Conclusion

For the reasons above, we affirm the district court.

_____