# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1666

_____

Cory Stilp; Laura Stilp

*Plaintiffs - Appellants*

v.

HSBC Bank USA, N.A., as Trustee for Wells Fargo Asset Securities Corp.; Wells Fargo Bank, N.A.; Shapiro & Zielke, LLP; Reiter & Schiller, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: July 23, 2013
Filed: September 25, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

This is another in a long line of similar cases brought by William Butler on behalf of homeowners who have suffered home foreclosure. This appeal involves two general claims: (1) the district court lacked subject matter jurisdiction to decide the case and erred in failing to remand the case to the state court; and (2) the district court

erred in granting the motion to dismiss the remaining claims. For the reasons below, we affirm.

## I. Background

Cory and Laura Stilp ("the Stilps") brought suit in state court against HSBC Bank USA, N.A. and Wells Fargo Bank, N.A., collectively ("the Banks"), and the attorneys for the foreclosing banks Reitter & Schiller, P.A. and Shapiro & Zielke, LLP, collectively ("the Law Firms"), on multiple theories regarding an improper home foreclosure. The Stilps brought three claims against the Banks: (1) a claim to "determine adverse claims," a quiet title action under Minn. Stat. § 559.01; (2) an action for declaratory judgment under Minn Stat. § 555.01; and (3) a slander of title claim. The Stilps brought two claims against the Law Firms: (1) a slander of title claim; and (2) a claim of negligence per se for improper foreclosure practices.

The Banks immediately removed the case to federal district court. The Banks and the Law Firms then moved to dismiss for failure to state a claim. The Stilps moved to remand the case to state court because there was not complete diversity among the parties. Both the Stilps and the Law Firms are residents of Minnesota, but the Banks and the Law Firms argued that the Law Firms were fraudulently joined to the action in order to defeat diversity jurisdiction. The district court[1] found there was no basis in law to any of the claims brought against the Law Firms. Because the non-diverse parties were fraudulently joined, the district court found they did not defeat jurisdiction. On that basis, the district court denied the Stilps' motion to remand.

Having found the court had subject matter jurisdiction, the district court next considered the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

-2-

The district court noted that nearly identical claims had recently been dismissed in very similar cases. Relying on the prior cases, the district court found the Stilps had failed to state a claim on which relief could be granted under any of their theories.

On appeal, the Stilps argue the district court improperly denied their motion for remand, but they have dropped all theories against the Banks other than the quiet title action. The Banks have moved for sanctions against Mr. Butler on the ground that the Stilps' appeal is frivolous.

## II. Discussion

## A. Motion to Remand

"The existence of subject-matter jurisdiction is a question of law that this court reviews de novo." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011) (citation omitted). The Stilps argue that the district court erred in finding that the Law Firms had been fraudulently joined. If the Law Firms were not fraudulently joined, then removal was improper and the district court should have remanded the case to the state court because of a lack of complete diversity. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (noting the requirement of complete diversity between all plaintiffs and all defendants); see also Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005) (holding that a violation of the forum defendant rule is a jurisdictional defect). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quotation omitted); see also Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013) (finding fraudulent joinder where "claims against a resident law firm had no reasonable basis in law and fact under Minnesota law").

The Stilps' claim of slander of title against the Law Firms has no reasonable basis in law and fact. As we have recently stated in a case also brought by Mr. Butler:

> Where attorneys act within the scope of their employment, Minnesota law provides protection from liability to third parties. McDonald v. Stewart, 289 Minn. 35, 182 N.W.2d 437, 440 (1970). Absent knowing participation in fraud, none of the work performed by [the law firm] as foreclosing attorney for Aurora can give rise to an actionable claim. See id. Minnesota court rules, like the Federal Rules of Civil Procedure, require fraud to be pled with particularity. See Minn. R. Civ. P. 9.02. To pierce [the law firm's] professional immunity by adequately pleading fraud, Homeowners must plead the circumstances of fraud "with particularity." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (quoting Fed. R. Civ. P. 9(b)).

Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012). "Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (quoting Great Plains Trust, 492 F.3d at 995). The Stilps fail to allege with particularity any reasonable basis for finding the Law Firms knowingly participated in a fraud. See Murphy, 699 F.3d at 1031 (distinguishing between negligent misrepresentation and knowing participation in fraud). Without knowing participation in a fraud, the Law Firms are protected from liability.

The Stilps also assert that the Law Firms were negligent per se in their representation and therefore somehow liable to the Stilps pursuant to Minn. Stat. §§ 580.02 and 580.05. We find no reasonable basis in law or fact for this claim either. The district court noted that "[n]o state or federal court has ever found a violation of Minn. Stat. §§ 580.02 or 580.05 to be negligence per se," Stilp v. HSBC Bank USA, N.A., No. 12-3098, 2013 WL 1175025, at *2 (D. Minn. Mar. 20, 2013), and the Stilps

offer nothing additional to support the validity of this claim. Regardless of the claim's validity, however, the Stilps again fail to specify how the Law Firms knowingly participated in a fraud. We conclude that the Law Firms were indeed fraudulently joined and the district court was correct to deny the Stilps' motion to remand.

## B. Quiet Title Action

"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (quotation omitted). "[I]n a diversity suit such as this one, '[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law.'" Dunbar, 709 F.3d at 1257 (quoting Karnatcheva, 704 F.3d at 548). The Stilps have dropped all other claims and are only pursuing the quiet title action on appeal. We have repeatedly dismissed nearly identical claims as insufficiently pled. See, e.g., Dunbar, 709 F.3d at 1257 (dismissing claim for quiet title); Karnatcheva, 704 F.3d at 548 (finding that, because plaintiffs failed to offer any support for a quiet title claim "other than labels and conclusions," the claim was properly dismissed). After careful review, we conclude the district court was correct that the Stilps failed to plead sufficient facts to make a plausible claim under Minn. Stat. § 559.01.

## C. Motion for Sanctions

Finally, the Banks have moved for sanctions against Mr. Butler for proceeding with a frivolous appeal. "Under Rule 38, an appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 806 (8th Cir. 2006) (quotation omitted). While the motion may have some merit, we decline to impose sanctions in this case.

-5-

## III. Conclusion

For the reasons above, we affirm the district court.

_____