*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0023**

Federal National Mortgage Association,
Respondent,

vs.

Jeffrey D. Robinson, et al.,
Appellants,

John Doe, et al.,
Defendants.

**Filed August 4, 2014
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CV-HC-11-7782

Gerald G. Workinger, Jr., Usset, Weingarden & Liebo, PLLP, Minneapolis, Minnesota
(for respondent)

William Bernard Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for
appellants)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and

Hudson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellants challenge an eviction judgment arising from a mortgage foreclosure,

arguing that (1) respondent lacks standing to proceed in this action and (2) fact questions

about the foreclosure procedure and ownership of the property make summary judgment inappropriate. We affirm.

## FACTS

In August 2002, appellants Jeffrey Robinson and Debra Robinson purchased a home located in Plymouth, executing a promissory note to Washington Mutual Bank, F.A. (WAMU) and a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS). The mortgage was later assigned to JP Morgan Chase Bank National Association (Chase). In 2011, the Robinsons fell behind on their mortgage payments and defaulted on their promissory note. Chase began foreclosure proceedings. The property was foreclosed by advertisement, and Chase purchased the property at the foreclosure sale for $226,535.18. Chase obtained the certificate of sale, also known as the sheriff's certificate, and promptly recorded it with the Hennepin County recorder. Under Minn. Stat. § 580.07, subd. 2 (2012), the Robinsons had a five-week period to redeem the property. They failed to redeem, but still remained in possession of the property.

In December 2011, Chase brought an eviction action to recover possession of the foreclosed property. About that same time, the Robinsons, along with others who had defaulted on their mortgages, brought quiet-title claims against Chase in federal court. *See Jerde v. JPMorgan Chase Bank, N.A.*, No. 11-2666, 2012 WL 206271, at *1 (D. Minn. Jan. 24, 2012), *aff'd*, 502 F. App'x 616 (8th Cir. 2013). In federal court, the plaintiffs alleged that Chase had no right to foreclose on their mortgages because it did not hold the original notes for their mortgages. *Id.* While their federal action was pending, the Hennepin County district court stayed Chase's eviction action against the

Robinsons. In January 2012, the Robinsons' federal action was dismissed with prejudice under Fed. R. Civ. P. 12(b)(6). *Id.* at *2-3. The federal court determined that it was "irrelevant" whether Chase held the original promissory notes for plaintiffs' properties; Chase held the current mortgage instruments, which entitled it to foreclose on the properties. *Id.* at *3. The Eighth Circuit Court of Appeals affirmed this determination. *Jerde*, 502 F. App'x 616 (8th Cir. Mar. 14, 2013).

Months after the Robinsons' federal action was dismissed, Chase quitclaimed its interest in the foreclosed property to respondent Federal National Mortgage Association (Fannie Mae). In June 2013, Fannie Mae recorded the quitclaim deed with the Hennepin County recorder. Then in July 2013, the Robinsons commenced another quiet-title action in federal court, this time against Fannie Mae. *See Robinson v. Fed. Nat'l Mortg. Assoc.*, No. 13-1868, 2014 WL 258644, at *1 (D. Minn. Dec. 27, 2013). In that action, the Robinsons alleged that there was an unrecorded assignment of their mortgage to Fannie Mae prior to foreclosure, which invalidated Chase's, and therefore Fannie Mae's, title to the property. *Id.* at *7. That action was also dismissed with prejudice under Fed. R. Civ. P. 12(b)(6). *Id.* at *1. The federal court determined that the Robinsons' allegations were "wholly unsupported statements" and that "the documents referenced in and attached to the [c]omplaint show an unbroken chain of title from MERS to WAMU and from WAMU to Chase (pre-foreclosure) and from Chase to Fannie Mae (post-foreclosure)." *Id.* at *7-8.

In September 2013, Chase moved the district court to substitute Fannie Mae as the party in interest in this eviction action, to lift the stay, and to grant summary judgment in

3

favor of Fannie Mae, evicting the Robinsons from the property. The district court determined that "[a]s successor title holder, Fannie Mae is the party entitled to assert its possession interests in the property acquired by quit claim deed from Chase." The district court granted summary judgment in favor of Fannie Mae, and the Robinsons were ordered to vacate the property. This appeal follows.

## D E C I S I O N

### I.     Fannie Mae has standing to proceed in the eviction action.

The Robinsons argue that Fannie Mae lacks standing to proceed in this eviction action. Whether a party has standing to proceed in an action is a question of law, which we review de novo. *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012). "Standing is a legal requirement that a party have a sufficient stake in a justiciable controversy to seek relief from a court." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007). A party may acquire standing by (1) suffering an injury-in-fact or (2) being the beneficiary of a legislative act that grants standing. *Id.* We have held that "the question of standing . . . may be raised at anytime." *In re Horton*, 668 N.W.2d 208, 212 (Minn. App. 2003). We therefore address the issue now.

The Robinsons argue that due to irregularities that occurred at the foreclosure sale, Chase's title in the foreclosed property, and therefore Chase's conveyance of that title to Fannie Mae, is invalid. They contend that because Fannie Mae does not have valid title to the property, it has not suffered an injury-in-fact. We disagree.

"An injury-in-fact is a concrete and particularized invasion of a legally protected interest." *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 624 (Minn. 2007). It is undisputed

4

that Chase bought the foreclosed property at the foreclosure sale and recorded the sheriff's certificate of sale. When a sheriff's certificate is recorded, "upon expiration of the time for redemption, the certificate shall operate as a conveyance to the purchaser . . . of all the right, title, and interests" in the foreclosed property. Minn. Stat. § 580.12 (2012). When the Robinsons failed to redeem the property within the statutorily permitted time frame, Chase possessed valid title to the property. *See id.*; *see also Harbal v. Fed. Land Bank of St. Paul*, 449 N.W.2d 442, 447 (Minn. App. 1989) (concluding that the holder of the sheriff's certificate acquires a type of vested ownership interest in the property that is subject only to "the limited redemption rights of the foreclosed owner"), *review denied* (Minn. Feb. 21, 1990). Chase then conveyed its interest in the foreclosed property by quitclaim deed to Fannie Mae. This deed was promptly recorded with the Hennepin County recorder. At that time, Fannie Mae became the owner of the property. *See* Minn. Stat. § 507.06 (2012) (stating that "[a] deed of quitclaim and release shall be sufficient to pass all the estate which the grantor could convey by a deed of bargain and sale").

As the owner of the property, Fannie Mae had a right to possess the property. When the Robinsons did not allow Fannie Mae to take possession, they invaded Fannie Mae's legally protected interest in the property. *See* Minn. Stat. § 580.12; *see also Lorix*, 736 N.W.2d at 624. Therefore, Fannie Mae has suffered an injury-in-fact giving it standing to proceed in the eviction action against the Robinsons.

## II.     Fannie Mae is entitled to summary judgment.

The Robinsons argue that genuine issues of fact exist, which precludes the grant of summary judgment for Fannie Mae. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, we review the evidence de novo, in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

An eviction action is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (2012). To prevail in an eviction claim involving a mortgage foreclosure, a plaintiff must prove that (1) a foreclosure of the mortgage on the property occurred, (2) the time for redemption expired, (3) the defendant is holding over the property, and (4) the plaintiff is entitled to possession of the property. *See* Minn. Stat. § 504B.285, subd. 1(1)(ii) (2012).

The record establishes that the Robinsons defaulted on their mortgage and that their property was foreclosed by advertisement. It is undisputed that Chase purchased the property at the foreclosure sale, obtaining an executed sheriff's certificate that was later recorded. The sheriff's certificate is prima facie evidence that all requirements of law relating to the sale have been met and that the purchaser holds title in fee after the time for redemption has passed. Minn. Stat. § 580.19 (2012). The Robinsons do not dispute

that the five-week redemption period expired without redemption. Nor do they dispute that they remain in possession of the property. And the record contains a recorded quitclaim deed indicating that Fannie Mae is the successor in interest to Chase and holder in fee of the property. Fannie Mae has therefore proven that it is entitled to possession of the property. We conclude that the four requirements to succeed in the eviction action have been satisfied.

Yet the Robinsons argue that genuine issues of material fact remain relating to the validity of the foreclosure, resulting in further fact questions as to whether Fannie Mae has any right, title, or interest in the property. By challenging the foreclosure process and validity of Fannie Mae's title, the Robinsons have improperly expanded the scope of this eviction proceeding. The scope of an eviction proceeding is narrow. *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001). An eviction action "merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties." *Dahlberg v. Young,* 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950). We have only allowed counterclaims in an eviction action when "the eviction action presents the only forum for litigating these claims." *Fraser v. Fraser*, 642 N.W.2d 34, 41 (Minn. App. 2002). That exception does not apply here. The Robinsons have twice raised quiet-title claims in federal court. In both instances, they attacked the validity of the foreclosure procedure and were unsuccessful. This eviction action cannot serve as the third forum for the Robinsons to attack the validity of the foreclosure.

Because the Robinsons' defenses to the eviction action are based on challenges to the underlying foreclosure, which is outside the scope of an eviction proceeding, and because the record shows that no genuine issues of material fact exist, we conclude that the district court properly granted summary judgment. Fannie Mae is entitled to an eviction judgment as a matter of law.

**Affirmed.**