MARY L. HATHORN v. CHARLES H. BUTLER. and Another.

June 14, 1898.

Nos. 11,128—(153).

**Mortgage—Foreclosure by Advertisement—Notice—All Assignments Must Be Recorded—G. S. 1894, §§ 6029, 6033.**

To entitle a party to give a notice of foreclosure of a mortgage on real property under a power contained in said mortgage, or to make such foreclosure, it is required, under the third subdivision of section 6029 of G. S. 1894, that all assignments of such mortgage, if any there are, have been recorded; and, further, it is essential, under the provisions of section 6033, that in the notice the name of each assignee shall be specified.

**Same—Unrecorded Assignment—Foreclosure by Assignor in His Name—Action to Set Aside Foreclosure Sale.**

A mortgagee duly assigned a mortgage to B., and this assignment was placed on record. The money paid for this assignment belonged to M., and the assignment was made to B., with his consent, and at the request of M. Then B. in due form executed and delivered an assignment of the mortgage to M., but this instrument was not placed on record. M. then caused this mortgage to be foreclosed, under the power, in the name of B. as assignee, and at the sale the premises were bid in in B.'s name, and to him the sheriff's certificate of sale was issued. Before the year of redemption expired, the owner of the property learned of the unrecorded assignment, and brought an action to set aside the sale, the certificate, and the record of the latter. *Held*, under these facts, that the foreclosure was invalid as to such owner, and that B. acquired no rights in the mortgaged property by virtue of the sale and certificate.

Appeal by plaintiff from an order of the district court for Hennepin county, McGee, J., denying a motion for a new trial. Reversed.

*J. M. Dunn*, for appellant.

The foreclosure was null and void, because in violation of the statute requiring assignments to be recorded, and the notice to state the name of the assignee. Butler did not remain legal owner, or trustee, after her assignment. Since a foreclosure by advertisement can be made only by virtue of a power of sale, the foreclosure, as the act of Butler, was void. Dunning v. McDonald, 54 Minn. 1; Lee v. Clary, 38 Mich. 223; Niles v. Ransford, 1 Mich. 338; Wiltse, Mort.

Forec. §§ 73, 74, 178, 180, 772; Call v. Leisner, 23 Me. 25; Hubbell v. Sibley, 5 Lans. 51; Folsom v. Lockwood, 6 Minn. 119 (186); Brown v. Delaney, 22 Minn. 349; 26 Am. & Eng. Enc., "Trust Deeds"; Dohm v. Haskin, 88 Mich. 144; Lowry v. Mayo, 41 Minn. 388; Cohoes v. Goss, 13 Barb. 137; Wilson v. Troup, 2 Cow. 195; Lennon v. Porter, 68 Mass. 473; 1 Jones, Mort. § 787; 1 Pingrey, Mort. § 984; Humphrey v. Buisson, 19 Minn. 182 (221). The foreclosure being void as the act of Butler, any evidence that it was made by Mann was incompetent, irrelevant and immaterial. Bausman v. Kelley, 38 Minn. 197; Niles v. Ransford, supra. As showing the utter invalidity of this foreclosure the following cases are cited: Spencer v. Annan, 4 Minn. 426 (542); Lowry v. Mayo, supra; Burke v. Backus, 51 Minn. 174; Backus v. Burke, 48 Minn. 260; Solberg v. Wright, 33 Minn. 224; Dunning v. McDonald, supra; Bausman v. Kelley, supra; Thorp v. Merrill, 21 Minn. 336; Ross v. Worthington, 11 Minn. 323 (438); Morrison v. Mendenhall, 18 Minn. 212 (232); Mason v. Goodnow, 41 Minn. 9; Hull v. King, 38 Minn. 349; Curtis v. Cutler, 76 Fed. 16; Niles v. Ransford, supra; Call v. Leisner, 23 Me. 25; Dohm v. Haskins, 88 Mich. 144.

The foreclosure is a cloud on plaintiff's title, which she is entitled to have removed. Sanborn v. Eads, 38 Minn. 211. She cannot be required to resort to a bill to redeem and to tender the amount due on the mortgage as a condition for relief. She is not personally liable for the debt and is entitled to hold the property until the mortgage is legally foreclosed. The pretended foreclosure is an irreparable injury for which the appellant is in no way responsible. Conkey v. Dike, 17 Minn. 434 (457). The law and practice of this state do not require appellant to redeem. Hill v. Edwards, 11 Minn. 5 (22); Meisner v. Gould, 11 Minn. 105 (166); Folsom v. Lockwood, supra; Lowell v. North, 4 Minn. 15 (32); Johnson v. Williams, 4 Minn. 183 (260); Bennett v. Healey, 6 Minn. 158 (240); Spencer v. Annan, supra; Lalor v. McCarthy, 24 Minn. 417; Thomas, Mort. § 1137; Clevinger v. Ross, 109 Ill. 349; Abbott v. Peck, 35 Minn. 499; Hull v. King, supra; Bausman v. Kelley, supra; Meyer v. Jefferson, 5 Mo. App. 245; Briggs v. Hall, 16 R. I. 577; 2 Jones, Mort. § 1921. It would be inequitable to require appellant to pay a debt she does not owe or to redeem as a condition for relief.

2 Pingrey, Mort. § 1459; Scott v. Austin, 36 Minn. 460; Rogers v. Benton, 39 Minn. 39; Backus v. Burke, 63 Minn. 272, 285. No forfeiture of the mortgage is asked for or involved; but if appellant is to be deprived of relief unless she redeems, then her right to redemption is forfeited and taken without foreclosure. No waiver has accrued; the appellant is not in fault. The defendant has committed an irreparable injury upon her and cast a cloud on the title, and comes into court and insists on continuing the wrong done plaintiff. Conkey v. Dike, supra.

*Wm. H. Hallam,* for respondents.

The power of sale vests in the holder of the legal title to the mortgage. Butler had the legal title of record and was therefore the proper party to foreclose by advertisement. Unrecorded assignments have no force and effect under the statute. By reason of this statute the holder of a mere unrecorded assignment cannot be said to have the legal title to the mortgage, because he has not a title which will be recognized and enforced at law, in his own name, to-wit, by a foreclosure under this statute. For the purpose of this statute, at least, and a foreclosure under it, an unrecorded assignment is a nullity. An unrecorded assignment does not vest the power of sale in the assignee, and it is illogical to say that it takes it from the assignor, and suspends it between the two parties. The legal title, in this connection at least, is synonymous with the record title. The legal title may be in one person, and the beneficial interest in another. There is a clear distinction between the situation of the holder of an unrecorded warranty deed of land, for example, and the holder of an unrecorded assignment of a mortgage. The former is invested with authority to protect his title by all legal remedies, but the latter can only foreclose his mortgage by a suit in equity. Bottineau v. Aetna L. Ins. Co., 31 Minn. 125; Carpenter v. Artisans Sav. Bank, 44 Minn. 521; Burke v. Backus, 51 Minn. 174; Dunning v. McDonald, 54 Minn. 1; Russum v. Wanser, 53 Md. 92; Lee v. Clary, 38 Mich. 223. Notwithstanding the assignment, the legal title and a trust in the mortgage were in Butler. Where the legal title to a mortgage is in one as trustee for the benefit of another, the mortgage may be foreclosed in the name of the trustee

either at the instance of the trustee or of the beneficiary, and such foreclosure is binding on the beneficiary as against the mortgagor, and on the mortgagor as against the beneficiary. Bottineau v. Aetna L. Ins. Co., supra; Carpenter v. Artisans Sav. Bank, supra. The letter of the statute has been complied with. Plaintiff's objection, if well taken, could only render the foreclosure voidable, upon proof that plaintiff had suffered damage; and plaintiff's only remedy in such case would be a suit to redeem. Goldsmith v. Osborne, 1 Edw. Ch. 560; Schwarz v. Sears, Walker's Ch. 170; Lundberg v. Davidson, 68 Minn. 328, 72 Minn. 49; Backus v. Burke, 63 Minn. 272; Johnson v. Sandhoff, 30 Minn. 197; Holton v. Bowman, 32 Minn. 191; Garland v. Watson, 74 Ala. 323; Abbott v. Peck, 35 Minn. 499; Willard v. Finnegan, 42 Minn. 476; Marcotte v. Hartman, 46 Minn. 202. If there was an agreement between Butler and Mrs. Mann that the record and legal title should remain in him notwithstanding the assignment, it was good as against the mortgagor and his assigns, and the foreclosure made in accordance with it was valid. Sheridan v. Mayor, 68 N. Y. 30; Anderson v. Reardon, 46 Minn. 185. A mortgage absolutely assigned can be foreclosed by advertisement in the name of the assignor, provided no statute is violated, and that without any reassignment. Sammis v. Wightman, 31 Fla. 10; Tucker v. Providence, 18 R. I. 322; Scraggs v. Hill, 37 W. Va. 706; Fernald v. Palmer, 83 Me. 244; McCurdy v. McRae, 23 Nov. Scot. 40; Price v. Phoenix Mut. L. Ins. Co., 17 Minn. 473 (497).

COLLINS, J.[1]

When the mortgage in question was foreclosed under the power therein contained in the name of defendant Butler, as assignee, he had no interest pecuniary or otherwise in the same, although his title of record appeared perfect, there having been placed upon record an assignment of the mortgage from the original mortgagee to him. And this assignment and the record of the same were stated and specified in the notice of foreclosure printed and published by Butler under the provisions of G. S. 1894, § 6033. In fact, the defendant Mann had paid, of her own money, the amount required to procure the assignment from the mortgagee, and such assignment

[1] BUCK, J., took no part.

had been made to Butler at Mrs. Mann's request, and with his consent. Then Butler (requested so to do by defendant Mann) executed, acknowledged and delivered to her an assignment of the mortgage in due form, but this assignment was not put upon record. It was in Mrs. Mann's possession when the foreclosure proceedings were commenced, and was by her counsel produced at the trial. At the foreclosure sale the premises were bid in by Butler, and the certificate of sale, executed and delivered by the sheriff, contained his name as the purchaser.

The plaintiff, who was the owner of the premises at the time of the sale, subject to the mortgage, learned during the year of redemption that Butler had assigned the mortgage prior to the foreclosure, and at once and before the year expired, brought this action to cancel such sale and set aside the sheriff's certificate and the record thereof, and to have herself adjudged to be the owner of the estate free and clear of all claims and demands arising out of said foreclosure proceedings. The court below made findings of fact in part in accordance with the foregoing statement, and then held the foreclosure to be legal and valid, ordering judgment for defendants. It also found as facts that when Butler made the assignment to Mrs. Mann it was agreed that such assignment should not be recorded; that of record the title should remain in Butler, and, if necessary that a foreclosure should be made, it was to be in the latter's name as trustee for the real owner; that in pursuance of this agreement the foreclosure was actually made by Mrs. Mann, and in good faith on the part of both Butler and herself.

The statute upon this subject seems to be plain and unambiguous. It is capable of but one construction, unless we are to hold that unrecorded assignments are not included in that part of section 6029 which provides that, to entitle any party to give a notice of foreclosure under the power or to make such foreclosure, it is required:

"Third. That the mortgage containing such power of sale has been duly recorded, and if it has been assigned, that all the assignments thereof have been recorded,"

—and also, unless we disregard that part of section 6033 which provides that the notice of foreclosure shall specify the name of the as-

signee, if there be an assignee. The language used in section 6029 absolutely makes the recording of assignments, if there be any, a prerequisite to a foreclosure under the power, and section 6033 is not susceptible of the construction urged that the only assignees whose names need be specified are those whose assignments have been placed upon record.

Again, the legal title to the mortgage passed from Butler to Mrs. Mann when he executed and delivered the assignment, and with it the power of sale. The power could not be severed from the legal ownership of the mortgage itself, and it is to be exercised by the holder of such legal title, provided this title has been made a matter of record. Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864. While the fact that the assignment to Mrs. Mann was not recorded might suspend her right to foreclose by advertisement, it did not in any way affect her legal title or ownership of the mortgage itself. And for the purposes of foreclosure under the power the notice of sale must be, and it must show that it is, the act of the person in whom the power to foreclose is vested. This was said in substance in the case last cited. See also Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333.

From the undisputed facts in this case it must be held that the foreclosure proceedings were invalid as to the plaintiff, and that defendant Butler acquired no interest in the mortgaged property by reason of the pretended foreclosure. It will be kept in mind, however, that such a foreclosure might not be held invalid in case an innocent party purchased at a sale, or where the owner, or a creditor, or a junior mortgagee redeems without knowledge of an unrecorded assignment. We can readily see that under some circumstances a foreclosure made as this was might be upheld as to one who, holding an unrecorded assignment, has caused a mortgage to be foreclosed in the name of another who, of record, appeared to be fully authorized so to foreclose.

Order reversed, and on remittitur the court below will cause judgment to be entered for plaintiff in accordance with the views herein expressed.