# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2884

_____

Bradley A. Cartier; Mun-Peng Tan; Heather L. Welk; Dean J. Welk; Walter G. Krawza; Shane B. Ulgem; Daniel Lipp; Millissa Lipp; Alfred Wright; Samantha D. Hubbard; Vicky L. Koenig; Lloyd E. Koenig

*Plaintiffs - Appellants*

Jeneane M. Brackett; Terry D. Brackett; Kim-Yen T. Phan; Oai The Nguyen

*Plaintiffs*

v.

Wells Fargo Bank, N.A.; U.S. Bank National Association; MERSCORP, Inc.; Mortgage Electronic Registration Systems, Inc.; Reiter & Schiller, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: August 26, 2013
Filed: November 25, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Homeowners facing foreclosure sued the foreclosing banks and the banks' local foreclosure counsel in Minnesota state district court ("state court"). The state court granted defendants' motion to dismiss the banks' attorneys but denied the motion with respect to the banks. The banks then removed the action to federal district court ("district court") and requested the district court reconsider the earlier state court motion to dismiss. The district court granted the banks' request to reconsider the motion to dismiss. After the banks filed a renewed motion to dismiss and before the district court could rule on the motion to dismiss, homeowners filed an amended complaint. Homeowners also filed a motion to remand, alleging removal had been improper and the district court lacked subject matter jurisdiction. The district court[1] denied the motion to remand and dismissed the amended complaint. Homeowners appeal.

## I. Background

Appellants are Minnesota homeowners fighting foreclosure by suing the national banks that own their mortgages and act as trustees for their mortgages (collectively "the banks"). The banks are not Minnesota residents. Appellants also sued the banks' foreclosure counsel, Reiter & Schiller, P.A. ("the lawyers"), a Minnesota law firm. Appellants' original complaint was filed on February 4, 2011, and included a number of claims challenging the foreclosures.

Appellees filed a motion to dismiss in state court. On July 21, 2011, the state court granted the motion to dismiss as to the lawyers on all counts. The state court also granted the motion to dismiss with respect to the banks acting as trustees except

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota adopting the Report and Recommendation of the Honorable Arthur J. Boylan, Chief Magistrate Judge, United States District Court for the District of Minnesota.

with respect to one particular mortgage certificate, which had not been addressed in the briefing. Finally, the state court granted the motion to dismiss with respect to the mortgagee banks on due process violations under the Minnesota Constitution, but denied the motion to dismiss as to all other counts.

On August 1, 2011, after the dismissal of the lawyers by the state court, the banks removed the case to federal court under 28 U.S.C. §§ 1441, 1446(b)(3). On August 22, 2011, Appellees requested permission to file a motion to reconsider the earlier motion to dismiss under a local rule governing motions to reconsider, D. Minn. L.R. 7.1(j).[2] On August 26, 2011, Appellants filed a response opposing reconsideration. The district court authorized Appellees to file a new motion to dismiss reconsidering the earlier state court order. Appellees filed their new motion to dismiss on September 2, 2011.

On September 23, 2011, Appellants filed an amended complaint, adding new plaintiffs and adding back the lawyers as defendants. The amended complaint included some of the same claims from the original complaint in addition to many new claims. On September 28, 2011, Appellants filed their opposition to the September 2, 2011, motion to dismiss. On October 24, 2011, Appellees replied. In their reply, Appellees also addressed Appellants' amended complaint.

On November 7, 2011, the magistrate judge held a hearing on the motion to dismiss. On January 31, 2012, Appellants filed a motion to remand. On February 22, 2012, the magistrate judge issued a report and recommendation, recommending: (1) the district court refuse to allow the amendment of the complaint with respect to the lawyers because their joinder would defeat diversity jurisdiction and was fraudulent, (2) the motion to remand be denied because there was complete diversity, and (3) the banks' motion to dismiss be granted because the homeowners' amended complaint

---

[2]Appellees cite D. Minn. L.R. 7.1(h), which has since been moved to 7.1(j).

did not meet federal pleading standards. On June 27, 2012, the district court adopted the magistrate judge's report and recommendation.

On appeal, Appellants argue the district court erred in granting the Appellees permission to file a new motion to dismiss the original complaint, reconsidering the original motion. Appellants also argue that the district court erred in failing to grant the motion to remand, asserting the district court lacked subject matter jurisdiction. Finally, Appellants assert the district court erred in dismissing their claims for the quiet title action. We review each issue in turn.

## II. Discussion

### A. Motion to Reconsider

Following removal, the district court granted Appellees permission to file a new motion to dismiss, reconsidering the earlier motion to dismiss. Appellants argue the district court erred when it granted permission to file a new motion to dismiss and/or when it reconsidered the original motion to dismiss because (1) the law-of-the-case doctrine prevents the district court from reconsidering the state court's earlier ruling and (2) the Appellees failed to provide sufficient justification to warrant reconsidering the original motion.

Appellants overlook the effect their amended complaint had on the procedural posture of this case. Under the amended complaint rule, "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citing Washer v. Bullitt County, 110 U.S. 558, 562 (1884)). After the amended complaint was filed, there was no longer an original complaint to consider or reconsider. As a result, Appellees could properly, and without prior permission, file a motion to dismiss the amended complaint. Thus, even if the district court erred

-4-

in granting permission to reconsider the state court's order, the question was mooted by the amendment.

We note Appellees never formally filed a new motion to dismiss the amended complaint. The only motion to dismiss that Appellees filed was addressed to the original complaint, was filed in response to the permission to reconsider, and was filed prior to the amended complaint. The magistrate judge specifically noted this procedural abnormality: "The motion to dismiss and supporting memorandum were filed before the amended complaint was served, but the motion was argued after the amended complaint was filed. Nonetheless, it is apparent to the court that the grounds for dismissal, i.e. no cause of action . . . , apply equally to the amended complaint." R & R at 8 n.4, No. 11-2168, ECF Doc. 38. Thus, the magistrate judge and the district court by adoption both treated the motion to dismiss the original complaint as a motion to dismiss the amended complaint.

Some courts, as a matter of course, treat an amended complaint as mooting a pending motion to dismiss the original complaint. See Olson v. Desserts on the Blvd., LLC, No. 12-1629, 2013 WL 5446922, at *3 (E.D. Mo. Sept. 30, 2013) ("[P]ending motions pertaining to the original complaint should be denied as moot."); West v. Crnkovich, No.12-273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013) (same); Janis v. Nelson, No. 09-5019, 2009 WL 4505933, at *1 (D.S.D. Nov. 24, 2009) (same); Old Republic Nat'l. Title Ins. Co. v. Greene Cnty. Abstract & Title Co., LLC, No. 09-102, 2009 WL 2913511, at *1 (E.D. Ark. Sept. 8, 2009) (same); Valor Healthcare, Inc. v. Pinkerton, No. 08-6015, 2008 WL 4079284, at *1 (W.D. Ark. Aug. 28, 2008) (same). Some courts do not. See Swider v. Hologic, Inc., No. 12-1547, 2012 WL 6015558, at *2–*3 (D. Minn. Dec. 3, 2012) (allowing amendment and then treating the motion to dismiss as one to dismiss the amended complaint); Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc., No. 09-175, 2010 WL 2836949, at *2 (N.D. Iowa July 19, 2010) (same). In this case, the parties and the district court considered the amended complaint and treated the already pending

motion to dismiss as a motion to dismiss the amended complaint. Appellants raised no objection in the district court to this procedure; and Appellants do not argue error on appeal. Under these circumstances, we conclude the district court acted within its discretion to treat the motion to dismiss the original complaint as a motion to dismiss the amended complaint. See 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1476 (3d ed. 2013). Therefore, the district court did not reconsider the earlier state court order, and neither of Appellants' arguments warrants reversal.

## B. Motion to Remand

Appellants argue the district court erred in denying the motion to remand by focusing only on whether the lawyers were being fraudulently joined to the amended complaint. Appellants maintain the appropriate focus was on the original complaint. Appellants argue that, because the lawyers were involuntarily dismissed in state court, the lawyers' citizenship is still able to defeat diversity jurisdiction under the voluntary-involuntary rule announced in Powers v. Chesapeake & Ohio Ry., 169 U.S. 92 (1898). Appellants also dispute that the lawyers were fraudulently joined and suggest the citizenship of the lawyers is enough to defeat diversity jurisdiction.

As we noted above, the amended complaint rule holds that the amended complaint replaces the original complaint. Atlas, 209 F.3d at 1067. This is true even in removal actions. "[I]n cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." Id. Only if the amendment was ordered by the court or was "otherwise involuntary" will the court look back at the original complaint to determine if removal was proper. Id.

Appellants were not ordered to amend, and their amendment was not otherwise involuntary. See Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1241 (8th Cir. 1995) (amendment considered involuntary when it came after district court had ordered

plaintiff's original complaint to be dismissed). The fact that Appellees' motion to dismiss may have motivated Appellants to file the amended complaint does not necessarily render the decision to amend involuntary. As for the assertion that the non-diverse defendants were not fraudulently joined, we find the district court acted within its discretion to deny joinder of diversity-destroying defendants. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") (emphasis added).

## C. Motion to Dismiss

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (quotation omitted). We have repeatedly dismissed nearly identical claims as insufficiently pled. See, e.g., id. at 1257–59. "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002). After review, we find the district court was correct that Appellants failed to plead sufficient facts to meet the federal standards.

## III. Conclusion

For the reasons above, we affirm the district court.

_____