# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2524

_____

Wendy Richter; Chris Hardy

*Plaintiffs - Appellants*

v.

Federal National Mortgage Association; Mortgage Electronic Registration System; Chase Home Finance LLC; Usset, Weingarden and Liebo, P.L.L.P., and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 5, 2013
Filed: February 10, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In April 2007, appellants Chris Hardy and Wendy Richter (collectively "Hardy") executed a promissory note to Integrity Lending, Inc. secured by a real estate mortgage executed by Hardy to Mortgage Electronic Registration System

("MERS") covering real property owned by Hardy in Wright County, Minnesota. In March 2011, MERS assigned the mortgage to Chase Home Finance LLC ("Chase") by an assignment recorded in the county real estate records. Upon Hardy's default, Chase instituted non-judicial foreclosure of the mortgage and purchased the property at the Sheriff's sale. Chase subsequently conveyed the real estate to FNMA by a Quit Claim Deed.

Hardy brought an action against the appellees challenging the foreclosure and seeking to, *inter alia*, quiet title to the property and recover damages. The district court[1] granted the appellees' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that Hardy failed to plead specific facts stating a claim. Hardy appeals, and we affirm.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting the factual allegations of the complaint as true and drawing all reasonable inferences in favor of the plaintiff. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). Federal Rule of Civil Procedure 8 requires that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, at the pleading stage a plaintiff must show that success on the merits is "more than a sheer possibility." Id.; see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 417 (2010) (Stevens, J., concurring) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (quoting Hanna v. Plumer, 380 U.S. 460, 465 (1965)).

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

In this appeal, Hardy asserts the single contention that the district court erred in dismissing his quiet title claim, which was premised upon the alleged existence of an unrecorded pre-foreclosure assignment of mortgage to FNMA. See Minn. Stat. § 580.02 (stating requirements that must be met before foreclosure); Hathorn v. Butler, 75 N.W. 743, 744 (Minn. 1898) (holding that any assignments of mortgage-security instruments must be recorded before the commencement of a foreclosure proceeding). Hardy asserts that to support a quiet title action the complaint need only allege facts that show possession by the plaintiff and an adverse claim by the defendant, and he contends that the complaint satisfies these requirements. As we have done before, we reject this claim. Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). After de novo review, we agree with the district court that the complaint's allegation of an unrecorded pre-foreclosure assignment of the mortgage to FNMA is based solely upon "information and belief" and reference to the text of an FNMA internet selling guide and that these conclusory allegations are insufficient under Rule 8. Id. (holding a complaint is subject to dismissal where the "pleadings, on their face, have not provided anything to support [the plaintiffs'] claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid").

The judgment of the district court is affirmed.

_____