# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2460
_____

Cheng Lee; Sheng Lee

*Plaintiffs - Appellants*

v.

Federal National Mortgage Association; SunTrust Mortgage, Inc.; and also all
other persons, unknown claiming any right, title, estate, interest, or lien in the real
estate described in the complaint herein

*Defendants - Appellees*


Wilford and Geske, P.A.,

*Defendant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 4, 2013
Filed: February 10, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In January 2008, appellants Sheng Lee and Cheng Lee refinanced their home in Ramsey County, Minnesota, through a loan from SunTrust Mortgage, Inc. ("SunTrust") evidenced by a promissory note signed by the Lees and secured by a mortgage to Mortgage Electronic Registration System, Inc. ("MERS") covering the property and recorded in the county records. By late 2009, the Lees had fallen behind in their loan payments. According to Ramsey County records, on November 20, 2009, MERS assigned the mortgage to SunTrust. SunTrust executed a Notice of Pendency and Power of Attorney to Foreclose the Mortgage, appointing Wilford, Geske & Cook, P.A. ("Wilford") as attorney-in-fact with power to foreclose. This notice was recorded in Ramsey County on November 24, 2009.[1]

Foreclosure was not completed as a result of the 2009 default because the Lees and SunTrust entered into a Loan Modification Agreement, which allowed the Lees to come current on amounts then past due on their loan. However, under the modified agreement, the Lees again defaulted on the loan. MERS once more assigned the mortgage to SunTrust in a recorded assignment on February 1, 2012. SunTrust executed another Notice of Pendency and Power of Attorney to Foreclose the Mortgage, appointing Wilford as attorney-in-fact with power to foreclose. This notice was recorded on April 6, 2012. A Sheriff's Certificate of Sale and Foreclosure Record was recorded on May 29, 2012, reflecting non-judicial foreclosure and sale of the property to SunTrust on May 25, 2012. SunTrust assigned the Sheriff's Certificate of Sale to the Federal National Mortgage Association ("FNMA") on July 3, 2012.

The Lees brought this action against FNMA, SunTrust, and Wilford challenging the non-judicial foreclosure sale of their home and seeking to quiet the title to the property as well as damages, contending that (1) the foreclosure sale was

---

[1]It is not disputed that the first assignments were filed prior to the Lees entering into a loan modification.

invalid due to an unrecorded pre-foreclosure assignment of mortgage from SunTrust to FNMA, citing Minn. Stat. § 580.02 (stating requirements that must be met before foreclosure) and <u>Hathorn v. Butler</u>, 75 N.W. 743, 744 (Minn. 1898) (holding that any assignments of mortgage-security instruments must be recorded before the commencement of a foreclosure proceeding) and (2) the officers who executed the assignments of real estate mortgage and power of attorney to foreclose the mortgage were not legally authorized to do so. The district court[2] granted the appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that the Lees failed to plead specific facts stating a claim. The Lees appeal from this dismissal, and we affirm.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting the factual allegations of the complaint as true and drawing all reasonable inferences in favor of the plaintiff. <u>Blankenship v. USA Truck, Inc.</u>, 601 F.3d 852, 853 (8th Cir. 2010). Federal Rule of Civil Procedure 8 requires that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Accordingly, at the pleading stage a plaintiff must show that success on the merits is "more than a sheer possibility." <u>Id.</u>; <u>see also</u> <u>Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 417 (2010) (Stevens, J., concurring) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (quoting <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965)).

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

On appeal, the Lees contend that in order to bring a quiet title action in Minnesota, the only facts which must be shown are possession by the plaintiff and an adverse claim by the defendant. We have previously rejected this precise claim. Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). Further, a careful examination of the Lees' complaint reveals that their claims of an unrecorded pre-foreclosure assignment of mortgage to FNMA and lack of authority to execute the relevant instruments are based solely upon "information and belief." This conclusory allegation is an example of the type of speculation as to the invalidity of the adverse claimants' title which we have held does not satisfy the requirements of Rule 8. Id. (holding a quiet title complaint is subject to dismissal where the "pleadings, on their face, have not provided anything to support [the plaintiffs'] claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid").[3]

The judgment of the district court is affirmed.

_____

_____

[3]We agree with the district court that the "Fannie Mae Single Family/2009 Selling Guide" obtained from the internet does not support the claim that the adverse claim by FNMA is invalid.