# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2617
_____

Steven M. Vollmer

*Plaintiff - Appellant*

v.

Federal Home Loan Mortgage Corporation; Wells Fargo Bank, N.A.; Reiter & Schiller, P.A., and all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 23, 2013
Filed: February 20, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Steven M. Vollmer ("Vollmer") filed suit in Minnesota state court against multiple defendants including Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo Bank, N.A. ("Wells Fargo"), seeking to set aside the non-judicial foreclosure sale and subsequent conveyance of his residence and to quiet title

to the property. He also sought damages. The action was removed to district court[1] which subsequently granted the motion to dismiss filed by Freddie Mac and Wells Fargo. Vollmer appeals.

Vollmer alleges that he executed and delivered to Wells Fargo a real estate mortgage covering his residence and that Wells Fargo subsequently instituted a non-judicial foreclosure that resulted in a Sheriff's sale in which Wells Fargo purchased the property. Wells Fargo later conveyed the residence to Freddie Mac.

Although the amended complaint includes six counts: Count I-Quiet Title; Count II-Declaratory Judgment; Count III-Deceit or Collusion; Count IV-Negligence Per Se; Count V-Slander of Title; and, Count VI-Wrongful Ouster, in this appeal, Vollmer has abandoned all claims except the contention that the district court erred in dismissing his quiet title claim, which is based upon the contention that an unrecorded pre-foreclosure assignment exists from Wells Fargo to Freddie Mac.[2]

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting the factual allegations of the complaint as true and drawing all reasonable inferences in favor of the plaintiff. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). Federal Rule of Civil Procedure 8 requires that a

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota adopting the report and recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

[2]Although in the district court Vollmer also challenged the authority of persons signing instruments of record, this claim is not mentioned in Vollmer's briefing before this court and is waived. See Marksmeier v. Davie, 622 F.3d 896, 902 n.4 (8th Cir. 2010) (issues not argued in the appellant's brief are deemed waived); see also Fed. R. App. P. 28(a)(8)(A) (The argument portion of appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief."  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Accordingly, at the pleading stage a plaintiff must show that success on the merits is "more than a sheer possibility."  Id.; see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 417 (2010) (Stevens, J., concurring) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (quoting Hanna v. Plumer, 380 U.S. 460, 465 (1965)).

Vollmer argues that the non-judicial foreclosure sale is void because there exists an unrecorded pre-foreclosure mortgage assignment from Wells Fargo to Freddie Mac.  In support of his argument, he cites Minn. Stat. § 580.02 (stating requirements that must be met before foreclosure) and Hathorn v. Butler, 75 N.W. 743, 744 (Minn. 1898) (holding that any assignments of mortgage-security instruments must be recorded before the commencement of a foreclosure proceeding). A careful review of the amended complaint reveals that this claim is supported solely by "information and belief," a reference to an internet Freddie Mac service guide, and "screen shot" of the Freddie Mac website.  Further, Vollmer argues that the amended complaint adequately states a Minnesota quiet title claim because it alleges the bare allegations that (1) he is in possession of the real property which is the subject of this action and (2) that the defendant claims some adverse interest therein.  See Minn. Stat. § 559.01 (a person in possession of real property may bring an action against another who claims an interest therein for the purpose of determining such adverse claim). However, we have squarely rejected this theory, and we agree with the district court that the conclusory allegations of the amended complaint as to an unrecorded mortgage are insufficient under Rule 8.  See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (complaint is subject to dismissal where the "pleadings, on their face, have not provided anything to support their claim that the

defendants' adverse claims are invalid, other than labels and conclusions, based on speculation").

The judgment of the district court is affirmed. The motion for sanctions is denied.

_____