# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2412
_____

Paul V. Pope; Gretchen A. Pope

*Plaintiffs - Appellants*

v.

Federal Home Loan Mortgage Corporation; Wells Fargo Bank, N.A.; Reiter & Schiller, P.A.

*Defendants - Appellees*

Wilford, Geske & Cook, P.A.; Caitlin Dowling

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 16, 2013
Filed: April 9, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Paul and Gretchen Pope are homeowners fighting foreclosure. This is the third lawsuit that the Popes have filed challenging the foreclosure of their home. In this case, the Popes filed suit in state court, and Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the case to federal court, invoking 12 U.S.C. § 1452(f) subject matter jurisdiction. The district court[1] dismissed the Popes' complaint for failure to state a claim and also held that the Popes are precluded, by both claim preclusion and issue preclusion, from further challenging the foreclosure. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On July 19, 2007, the Popes obtained a loan from Wells Fargo and granted Wells Fargo a mortgage on their home. Shortly thereafter, on August 14, 2007, Wells Fargo sold the loan to Freddie Mac. Subsequently, the Popes defaulted on the loan by failing to make the payments. In 2010, Wells Fargo, acting as Freddie Mac's loan servicer, started foreclosure by advertisement. After Wells Fargo received the Sheriff's certificate of sale, Wells Fargo quitclaimed the property to Freddie Mac.

As the district court noted, this is at least the third action the Popes have brought to challenge the foreclosure of their home. While the first action was dismissed voluntarily by the plaintiffs, the second action reached a final decision. In Pope v. Wells Fargo Bank, N.A., No. 11-02496, 2012 WL 1886493 (D. Minn. May 23, 2012), the Popes challenged the right of Wells Fargo to foreclose on their property, asserting multiple reasons that foreclosure was improper. The district court rejected the Popes' arguments and granted Wells Fargo's motion to dismiss. The Popes did not appeal the judgment.[2]

---

[1]The Honorable Susan R. Nelson, United States District Judge for the District of Minnesota.

[2]While the Popes initially filed an appeal, they then moved to voluntarily dismiss the appeal under Fed. R. App. P. 42(b).

The Popes now seek to challenge Freddie Mac's ownership of the property. The Popes filed a new action in state court, and Freddie Mac removed the case to federal court, invoking 12 U.S.C. § 1452, which provides the district courts federal subject matter jurisdiction over cases involving Freddie Mac. The district court dismissed the Popes' complaint for failure to state a claim, citing recent cases dismissing similar claims. In addition, the district court also held that the Popes' complaint should be dismissed based on the doctrines of both claim and issue preclusion. The Popes appeal the district court's ruling.

Because claim preclusion and issue preclusion would prevent this litigation from proceeding on the merits, we will address those issues first. "We review de novo the dismissal of a claim on the grounds of res judicata." Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (citation omitted). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). This action involves both claim preclusion and issue preclusion. "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire, 532 U.S. at 748–49).

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Taylor, 553 U.S. at 891 n.4 (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507–08

(2001)); see also C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012). Judgment in the previous Pope litigation was entered by the United States District Court for the District of Minnesota sitting in diversity jurisdiction and applying Minnesota state law. Therefore, we will look to Minnesota law to determine the preclusive effect of the earlier case.

In Minnesota, "[t]he principles of [claim preclusion] operate where a subsequent action or suit is predicated on the same cause of action which has been determined by a judgment, no matter what issues were raised or litigated in the original cause of action." Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 224 (Minn. 2007) (quotation omitted). "[Claim preclusion] applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." Rucker v. Schmidt, 794 N.W.2d 114, 117 (Minn. 2011) (citation omitted). "Privity 'expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.'" Id. at 118 (quotation omitted). "Privies to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." Id. (quotation omitted).

We find all the factors present such that, under Minnesota law, the Popes are barred by claim preclusion from challenging the foreclosure of their residence. First, the earlier action involved the same circumstances. As noted by the district court, this is at least the third action that the Popes have brought challenging the foreclosure on their home—the first two simply did not include Freddie Mac as a named party. The

earlier actions and the present action are about redressing a possible wrongful foreclosure. While the Popes have pursued a new theory as to why Wells Fargo lacked the power to foreclose—alleging the existence of an unrecorded assignment of the mortgage between Wells Fargo and Freddie Mac—this suit is still fundamentally about whether the foreclosure was valid and complied with all the statutory requirements. Second, the Popes' claim also involves the same parties or their privies. Freddie Mac and Wells Fargo are in privity in at least one of two ways: (1) Wells Fargo gave Freddie Mac a quitclaim deed, thus Wells Fargo and Freddie Mac have a grantor-grantee relationship; and (2) while Wells Fargo was the legal assignee of the mortgage—with the power of foreclosure—the legal assignee was acting as a loan servicer foreclosing on behalf of the true owner of the debt, Freddie Mac, the equitable owner of the mortgage.[3] Either of these relationships makes the interests of Wells Fargo and Freddie Mac sufficiently aligned to hold that the two were in privity as to the foreclosure. Cf. Taylor, 553 U.S. at 894–95. Third, there was a final judgment on the merits. And fourth, the Popes had a full and fair opportunity to challenge the foreclosure in the earlier actions. Therefore, we find the doctrine of claim preclusion precludes the Popes from bringing the same cause of action again.

---

[3]Minnesota allows the legal and equitable interests in a mortgage to be separated. Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487 (Minn. 2009). Freddie Mac purchased the underlying loan from Wells Fargo—and received the equitable interest in the mortgage—years before Wells Fargo's foreclosure. During the foreclosure process, Wells Fargo was merely acting as a servicer. While Wells Fargo was the legal mortgagee with the power to foreclose, Wells Fargo was not, in fact, entitled to the property. Thus, as in other recent, similar cases, once the foreclosure was effectuated in the name of the legal mortgagee, the property was deeded to the equitable mortgagee.

We also find the Popes should be estopped from further challenging Wells Fargo's power to foreclose under the doctrine of issue preclusion, or collateral estoppel. Once again, we turn to Minnesota law to determine the preclusive effect of the prior judgment:

> Collateral estoppel, sometimes referred to as issue preclusion, precludes parties from relitigating issues which are identical to issues previously litigated and which were necessary and essential to the former resulting judgment. Ellis v. Minneapolis Comm'n on Civil Rights, 319 N.W.2d 702, 704 (Minn. 1982). Although some jurisdictions require "mutuality" of parties in cases involving previously determined litigation as a predicate to the invocation of collateral estoppel, Minnesota does not. Even though a defendant in the proceeding before the court was not a party to the earlier proceeding, Minnesota permits a defendant to invoke collateral estoppel in the subsequent litigation commenced by a plaintiff who also had been the claimant in the earlier proceeding provided four requirements have been established:
>
> > (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Aufderhar v. Data Dispatch, Inc., 452 N.W.2d 648, 650 (Minn. 1990) (quotation omitted). These factors are very similar to those addressed for claim preclusion. As above, we find the four factors for issue preclusion are present: (1) this case raises the same issue as to whether the foreclosure is valid; (2) there was a final judgment; (3) the estopped party, the Popes, were a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. Therefore, under Minnesota law, Freddie Mac may invoke the doctrine of issue

preclusion for issues on which the Popes have previously fully litigated and lost, such as Wells Fargo's power to foreclose, even though Freddie Mac was not a party to the prior litigation. The Popes are estopped from challenging the foreclosure.

Even if we were to hold the Popes were not precluded from challenging the foreclosure, we would still find the district court was correct to dismiss the complaint for failure to state a claim. "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (quotation omitted). The Popes claim there was an unrecorded assignment of the mortgage executed by Wells Fargo to Freddie Mac prior to foreclosure. The Popes now argue this unrecorded assignment renders the foreclosure void because Minnesota's foreclosure by advertisement statute requires strict compliance. Ruiz v. 1st Fidelity Loan Servicing, LLC, 829 N.W.2d 53, 57–59 (Minn. 2013).

As in other recent, similar foreclosure cases, we find the Popes' complaint fails to include sufficient factual material to state a plausible claim on which relief can be granted. Dunbar, 709 F.3d at 1259; Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). The Popes rely upon "information and belief" to claim that an unrecorded assignment existed between Freddie Mac and Wells Fargo. While plaintiffs may at times plead upon information and belief, we emphasize that "'[i]nformation and belief' does not mean pure speculation." Menard v. CSX, 698 F.3d 40, 44 (1st Cir. 2012). While the Popes suggest that an unrecorded assignment might exist, they provide no facts that would lead to the plausible inference that an unrecorded assignment does exist. We have recently held that nearly identical claims amount to mere conclusory allegations based solely on speculation.

See <u>Vollmer v. Fed. Home Loan Mortg. Corp.</u>, No. 13-2617, ___ F. App'x ___, 2014 WL 642423 (8th Cir. Feb. 20, 2014) (unpublished per curiam). As in previous cases, we find this pleading to be insufficient under Federal Rules of Civil Procedure 8 and 12.

      The judgment of the district court is affirmed.

_____