# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2338

_____

Dean J. Welk

*Plaintiff - Appellant*

v.

Federal National Mortgage Association, and all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein; Reiter & Schiller, P.A.; Curt Trisko; Usset, Weingarden and Liebo, P.L.L.P.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 11, 2013
Filed: April 10, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Dean Welk is a homeowner fighting foreclosure of his home. This is the second case in which Welk has challenged the same foreclosure. Previously, Welk sued Wells Fargo Bank, N.A. ("Wells Fargo"), the legal mortgage holder who

conducted the foreclosure, alleging the foreclosure was improper and was therefore void. The case was dismissed by the district court, and we affirmed. Now, Welk challenges the same foreclosure, this time suing the Federal National Mortgage Association ("Fannie Mae"), who received a deed to the property from Wells Fargo following foreclosure. The district court[1] dismissed Welk's complaint for failure to state a claim and also held that under the doctrine of claim preclusion, or res judicata, Welk was precluded from challenging the foreclosure a second time. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2004, Dean Welk executed a mortgage on his residence in which Mortgage Electronic Registration Systems, Inc. ("MERS") acted as nominee. Unfortunately, Welk fell behind in his payments and defaulted on his mortgage. In 2009, MERS assigned Welk's mortgage to Wells Fargo, who commenced foreclosure. In February 2011, Welk joined a number of other parties in a state court action challenging foreclosures of their homes by national banks, including Wells Fargo's foreclosure of Welk's mortgage. The case was removed to federal court under diversity jurisdiction. Ultimately, the federal district court dismissed the action for failure to state a claim, and we affirmed that dismissal. Cartier v. Wells Fargo Bank, N.A., No. 11-02168, 2012 WL 2449944 (D. Minn. June 27, 2012), aff'd, ___ F. App'x ___, 2013 WL 6153235 (8th Cir. Nov. 25, 2013) (unpublished per curiam).

Shortly after foreclosure, Wells Fargo conveyed title to Fannie Mae by quitclaim deed. Welk now challenges Fannie Mae's ownership of the property. Welk seeks to quiet title through an action to determine adverse interests in property under Minn. Stat. § 559.01. Fannie Mae removed the case to federal court under diversity jurisdiction. Fannie Mae filed a motion to dismiss asserting that the claim should be dismissed for failure to state a claim and/or should be dismissed as barred by claim

---

[1]The Honorable Susan R. Nelson, United States District Judge for the District of Minnesota.

preclusion. The district court dismissed for failure to state a claim. In addition, the district court also held the complaint should be dismissed because Welk had previously challenged the foreclosure and is barred by claim preclusion, or res judicata, from bringing the same action again. Welk appeals both grounds for dismissal.

Because claim preclusion would prevent the same claim, i.e., the same cause of action, from being considered a second time, we will address the claim preclusion issue first. We review a district court's dismissal of a claim on the grounds of res judicata de novo. Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 976 (8th Cir. 2001) (citation omitted). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). This action involves only claim preclusion. "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)); Lundquist, 238 F.3d at 977 ("Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that [same cause of] action.").

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Taylor, 553 U.S. at 891 n.4 (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001)); see also C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012). The first judgment in this case was ordered by the United States District Court for the District of Minnesota sitting in diversity jurisdiction and applying Minnesota law. Thus, we will look to Minnesota law to determine the preclusive effect of the earlier case.

-3-

In Minnesota, "[t]he principles of [claim preclusion] operate where a subsequent action or suit is predicated on the same cause of action which has been determined by a judgment, no matter what issues were raised or litigated in the original cause of action." Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 224 (Minn. 2007) (quotation omitted). "[Claim preclusion] applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." Rucker v. Schmidt, 794 N.W.2d 114, 117 (Minn. 2011) (citation omitted). "Privity 'expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.'" Id. at 118 (quotation omitted). "Privies to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." Id. (quotation omitted).

We find all the factors present such that, under Minnesota law, Welk is barred by res judicata from challenging the foreclosure of his residence. First, Welk's earlier claim involved the same circumstances. Welk admits he is challenging the same foreclosure of the same property. Appellant's Br. at 11 ("Nor is there any dispute . . . that the property in this case is the same property that was in the [earlier] litigation."). Second, Welk's claim also involves the same parties or their privies. Welk disagrees, noting that Fannie Mae was not technically a party to the earlier action, which involved only Wells Fargo. We find, however, that the parties were in sufficient privity in at least one of two ways: (1) Wells Fargo gave Fannie Mae a quitclaim deed, thus Wells Fargo and Fannie Mae have a grantor-grantee relationship; and (2) while Wells Fargo was the legal assignee of the mortgage—with the power of foreclosure—the legal assignee was acting as a loan servicer foreclosing on behalf

-4-

of the true owner of the debt, Fannie Mae, the equitable owner of the mortgage.[2] Either of these relationships makes the interests of Wells Fargo and Fannie Mae sufficiently aligned to hold that the two were in privity as to the foreclosure. Cf. Taylor, 553 U.S. at 894–95. Third, there was a final judgment on the merits. And fourth, Welk had a full and fair opportunity to challenge the foreclosure. Having had a sufficient chance to litigate the issues in the earlier action, Welk is now barred from further challenging the foreclosure.

Even if we were to hold the claim is not barred, we agree with the district court that the complaint must be dismissed for failure to state a claim. "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (quotation omitted). Welk claims there was an unrecorded assignment of the mortgage executed by Wells Fargo to Fannie Mae prior to foreclosure. Welk argues this unrecorded assignment renders the foreclosure void because Minnesota's foreclosure by advertisement statute requires strict compliance. The failure to record a legal assignment of the mortgage prior to foreclosure voids the foreclosure. Ruiz v. 1st Fidelity Loan Servicing, LLC, 829 N.W.2d 53, 57–59 (Minn. 2013).

---

[2]Minnesota allows the legal and equitable interests in a mortgage to be separated. Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487 (Minn. 2009). Fannie Mae purchased the underlying loan—and received the equitable interest in the mortgage—years before Wells Fargo's foreclosure. During the foreclosure process, Wells Fargo was merely acting as a servicer. While Wells Fargo was the legal mortgagee with the power to foreclose, Wells Fargo was not, in fact, entitled to the property. Thus, as in other recent, similar cases, once the foreclosure was effectuated in the name of the legal mortgagee, the property was deeded to the equitable mortgagee.

As in other recent, similar foreclosure cases, we find Welk's complaint fails to include sufficient factual material to state a plausible claim on which relief can be granted. Dunbar, 709 F.3d at 1259; Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). Welk points to a few provisions of a Fannie Mae Seller Guide, which suggest that an assignment of the mortgage to Fannie Mae may be required if the loan servicer's "membership in MERS or the MERS registration system is terminated." While such language suggests that an unrecorded assignment might conceivably exist, Welk provides no additional facts that would lead to the plausible inference that an unrecorded assignment does exist. As such, Welk's claim amounts to a mere conclusory allegation based solely on speculation. See Lee v. Federal Nat'l Mortg. Ass'n, No. 13-2460, ___ F. App'x ___, 2014 WL 503168 (8th Cir. Feb. 10, 2014) (unpublished per curiam); Richter v. Fed. Nat'l Mortg. Ass'n, No. 13-2524, ___ F. App'x ___, 2014 WL 503176 (8th Cir. Feb. 10, 2014) (unpublished per curiam). Thus, we find Welk's pleading to be insufficient under Federal Rules of Civil Procedure 8 and 12.

Finally, Fannie Mae, joined by the other Appellees, has filed a motion for sanctions and attorneys fees pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. §§ 1912 and 1927. While we have the authority to issue sanctions, see, e.g., Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 806 (8th Cir. 2006), we decline to do so.

The judgment of the district court is affirmed. Appellees' motion for sanctions is denied.

_____